Timothy L. Brictson, 174907
BRICTSON AND COHN
2214 Fifth Avenue
San Diego, California 92101
Tel. 619. 296-9387
Fax. 619. 232-0583

Attorneys for Plaintiffs,

CHARLES YIP; SILVIA QUINTERO

FILED
2008 AUG -8 PM 4:23
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTICT OF CALIFORNIA

| | |
|---|---|
| CHARLES YIP; SILVIA QUINTERO<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE SAN DIEGO UNITEHERE PENSION FUND; ALLIED ADMINISTRATORS; JEFF EACHTEL, and DOES 1 TO 50,<br><br>　　　　　　Defendants | Case No.<br><br>'08 CV 1453 DMS WMc<br><br>COMPLAINT &<br>DEMAND FOR JURY TRIAL |

PRELIMINARY STATEMENT

1) Plaintiffs, CHARLES YIP and SILVIA QUINTERO, bring this action to recover damages and for equitable relief under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq.; and 29 U.S.C. §§1104, 1109, 1132, 1140, to redress the harms suffered by Plaintiffs. Defendants' wrongful conduct at issued herein was done with the purpose of interfering with a right to which plaintiff would have become entitled to. Plaintiffs seek to recover plan benefits to which they were entitled. Defendants' breached their fiduciary duties. Defendants failed to provide information and notices as required. Plaintiffs bring this suit to enjoin violations of ERISA or the plan, or to obtain other equitable relief; for Defendants'

interference with Plaintiffs' protected rights; to recover a $100 a day civil penalty for failure to supply requested information; and to recover insurance or annuity benefits were there was a breach of fiduciary duty or of the terms of the plan.

2) Plaintiffs seek compensatory damages for the claim of breach of contract brought as a supplemental state claim under the laws of the State of California.

3) Plaintiffs seek punitive damages arising from claims brought pursuant to the laws of the State of California.

4) Plaintiffs also bring this action on behalf of themselves and others similarly situated, to recover damages and for equitable relief under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq.; and 29 U.S.C. §§1104, 1109, 1132, 1140, to redress the harms suffered by Plaintiffs. Defendants' wrongful conduct at issued herein was done with the purpose of interfering with a right to which plaintiff would have become entitled to. Plaintiffs seek to recover plan benefits to which they were entitled. Defendants' breached their fiduciary duties. Defendants failed to provide information and notices as required. Plaintiffs bring this suit to enjoin violations of ERISA or the plan, or to obtain other equitable relief; for Defendants' interference with Plaintiffs' protected rights; to recover a $100 a day civil penalty for failure to supply requested information; and to recover insurance or annuity benefits were there was a breach of fiduciary duty or of the terms of the plan.

## JURISDICTION

5) Jurisdiction over plaintiff's claims is conferred on this Court pursuant to 29 U.S.C. § 1132, 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(4), and the plaintiff requests the Court to exercise supplemental jurisdiction over the related state claims under 28 U.S.C. § 1367(a).

## VENUE

6) All parties are either residents or doing business in the County of San Diego, State of California.

## PARTIES

7) Plaintiff CHARLES YIP, is and, at all relevant times was, a "participant" in the Defendants' retirement plan as defined by 29 U.S.C. § 1002(7), and a resident of the County of

1  San Diego, State of California.

2  8) Plaintiff SILVIA QUINTERO, is and, at all relevant times were, a "participant" in the
3  Defendants' retirement plan as defined by 29 U.S.C. § 1002(7), and a resident of the County of
4  San Diego, State of California.

5  9) Defendant BOARD OF TRUSTEES OF THE SAN DIEGO UNITE-HERE PENSION
6  FUND is a business entity unknown with a place of business in the County of San Diego, State of
7  California, responsible and fiduciaries of the Trust Fund created and known as THE SAN DIEGO
8  UNITE-HERE PENSION FUND at issue herein, and created for the benefit of members of Unite-
9  Here, Local 30. Defendant is the "plan sponsor," 29 U.S.C. § 1002(16) (A).

10  10) Defendant ALLIED ADMINISTRATORS is a business entity unknown with a place of
11  business in the County of San Diego, State of California California, and is the plan administrator
12  per 29 U.S.C. § 1002(16)(B) and has some fiduciary responsibilities.

13  11) Defendant JEFF EATCHEL is an individual and a resident of San Diego, California, and
14  at all relevant times was the Chairman of Defendant BOARD OF TRUSTEES OF THE SAN
15  DIEGO UNITE-HERE PENSION FUND.

## FACTUAL ALLEGATIONS

17  12) Plaintiffs Yip and Quintero applied for their Service Pensions in July 2006. Both had
18  over 30 years of eligible past and future service credits.

19  13) When Plaintiffs, applied for their Service Pensions, they were provided the application for
20  the pension from Deborah Radovich of ALLIED ADMINISTRATORS.

21  14) At the time Mr. Yip completed that application, Mr. Yip was an Officer of Local 30, with
22  the title of Recording Secretary.

23  15) At the time, another Officer of Local 30, JEFF EATCHEL, held the position of Secretary-
24  Treasurer of Local 30. Mr. Eatchel also held a dual role, that of Chairman of the Trustees of the
25  Plan.

26  16) At the time Mr. Yip applied for his Service Pension, there was significant internal strife
27  amongst the officers of Local 30. That strife was so significant, that the Western Regional office
28  of the International Unite Here took over the operation Local 30.

17) The International began to operate Local 30 under a trusteeship. The San Diego Union reported on August 8, 2006. The action stripped Mr. Eatchel of his officer positions and removed seven others from the local's executive board.

18) Tensions between Mr. Eatchel and the other Local 30 members and officers had been festering in prior months when Mr. Eatchel was re-elected to the secretary-treasurer's job, but Mr. Yip was part of a slate that took seven of the nine executive board slots. Thereafter, Mr. Eatchel had complained to the international union that the board was blocking his ability to carry out his leadership duties. The International did an internal audit of the local, held an administrative hearing and decided the best action was to take over the local to stabilize its leadership.

19) Prior to the Local being placed in a trusteeship, Mr. Yip was openly engaged in actions that were specifically designed to place more checks and balances on the Secretary-Treasurer position held by Mr. Eatchel. These actions included, but were not limited to, the mobilization of rank and file members of Local 30 to attend Membership Meetings in order to vote down motions supported by Mr. Eatchel, and / or to move for, vote for, and pass amendments to the by laws that placed greater checks and balances on Mr. Eatchel's powers.

20) At all relevant times, Mr. Eatchel was Chairman of the Trustees of the Plan, and was married to Sandra Eatchel, the Administrative Representative of ALLIED ADMINISTRATORS, the Plan Administrator herein, and the direct supervisor of Deborah Radovich, the claims examiner who processed Mr. Yip's pension application.

21) Only after Mr. Eatchel was removed from his position as Secretary-Treasurer of Local 30 did Allied advise Mr. Yip that they needed an additional form to be completed; a form which Defendants had not required before. That form now required that a pension applicant resign his or her current position. This had not been a requirement of Defendants prior to Mr. Eatchel being removed. Moreover, as described below, the plain language of the Plan does not require such a separation of employment for a Service Pension.

22) When Mr. Eatchel was removed from his position from the Local, Plaintiffs are informed and believe that Defendants desired to deny Mr. Yip benefits, and thus now contended that a separation of employment was required of all participants, even though Mr. Eatchel remained

4

employed with the International, and Defendants had not previously enforced such a requirement.

23) Plaintiff QUINTERO was told that she would be receiving the Service Pension benefit twice prior to Mr. Eatchel being removed from his position with the local. However, she did not receive the moneys.

24) Ms. Quintero called Defendants in September 2006, after Mr. Eatchel was removed from the Local, and only then was told that her benefits had been denied. Ms. Quintero was denied benefits by Defendants in an effort to support their position that Mr. Yip should be denied benefits. However, Defendants failed to perform their statutory duties to fully inform Plaintiff that her benefits were being denied.

25) Prior to Mr. Eatchel being removed from the Local, Defendants repeatedly advised Plaintiffs and other Plan participants that they did not need to separate from employment to receive a Service Pension.

26) As such, Plaintiffs Mr. Yip and Ms. Quintero sought Service Pensions called for in the Restated Pension Plan of San Diego Hotel and Restaurant Employees Pension Fund (hereinafter "the Plan"), at issue herein which states:

**Section 3.10 Service Pension**

An employee shall be eligible to retire after January 1, 1998, on a Service Pension for the first of any month following the date he or she has accrued a total of at least 30 Past and future Service Credits.

**Section 3.11 Amount of Service Pension**

The amount of an employee's Service Pension shall be the amount of his or her monthly Normal Retirement Pension determined under Section 3.02 *as though he or she had retired* on his or her Normal Retirement Date.

27) Both Mr. Yip and Ms. Quintero went through the administrative process in an attempt to obtain their Service Pension benefits called for in the Plan, incurred attorney fees, and suffered special and general damages in the process. Plaintiffs also request additional remedies and pursue

collateral causes of action.

28) Prior to Mr. Yip and Ms. Quintero filing for their Service Pensions, Defendants had paid hundreds of other plan participants a Service Pension without requiring that they be separate from employment, including Defendant EACHTEL.

29) Defendants maintain that on or about August 22, 2006 they denied Mr. Yip and Ms. Quintero's claims for Service Pensions.

30) Both Mr. Yip and Ms. Quintero filed appeals to those denials.

31) On October 25, 2006 Defendants while acting as Trustees of the SAN DIEGO UNITE-HERE PENSION FUND affirmed the denial of Mr. Yip's and Ms. Quintero's applications.

32) Both Mr. Yip and Ms. Quintero filed timely appeals to those denials, in accordance with §10.02 of the pension plan, and the matter was set for arbitration, the parties agreeing to having the matter heard jointly.

33) On August 29, 2007, the arbitrator found that Defendants had acted arbitrarily and capriciously in denying benefits, and ordered Defendants to pay Mr. Yip and Ms. Quintero Service Pensions.

34) On November 30, 2007, Defendant SAN DIEGO UNITE-HERE PENSION FUND filed a petition to vacate the award.

35) On August 6, 2008, the United States District Court issued an Order denying Defendant's petition to vacate.

## CLASS ALLEGATIONS

36) Named Plaintiffs and those similarly situated were and are at all relevant times were, participants in the Defendants' retirement plan, SAN DIEGO UNITE-HERE PENSION FUND, as defined by 29 U.S.C. § 1002(7).

37) As such, putative class members are all plan participants in the SAN DIEGO UNITE-HERE PENSION FUND.

38) At all relevant times, Defendants were responsible for administering the Plan, and had a fiduciary obligation to Named Plaintiffs and those similarly situated in executing those duties.

39) Defendants breached those fiduciary duties by their mismanagement of the Plan, both negligently and for their own personal gain.

40) Defendants drafted the Plan in such a way that Service Pensions did not require separation of employment as a precondition of entitlement.

41) Defendants paid hundreds of plan participants Service Pensions without requiring separation of employment as a precondition of entitlement.

42) Defendants paid EACHTEL a Service Pension without requiring separation of employment as a precondition of entitlement, for the direct benefit of Defendant EACHTEL and his wife, a managing agent of Defendant ALLIED.

43) Named Plaintiffs and those similarly situated complain that Defendants' wrongful conduct resulted in the failure of the Plan's tax-exempt to be maintained in accordance with Internal Revenue Code §401.

44) If a trust qualifies under section 401(a), contributions made on behalf of employees are not includable in the employees' incomes until the year those amounts are actually distributed or made available to them. IRC Sec. 402 (a) (1). If a trust fails to qualify under section 401(a), however, employer contributions are included in the plan participants' taxable incomes. Sec. 402(b).

45) Failure to operate a qualified plan in accordance with its terms and/or in accordance with the Internal Revenue Code and constitutes a disqualifying defect. The IRS takes the position that disqualifying defects carry over from one plan year to the next plan year such that a plan is disqualified until the defect is cured. 26 U.S.C. § 7805(b).

46) 26 U.S.C. §§ 3121(a) and 3306(b) define taxable wages to include contributions made to non-exempt trusts.

47) Disqualification of the Plan results in taxation of the trust, loss of tax deferral on the amounts the participants deferred, loss of tax deferral on employer matching contributions, and excise taxes on certain plan distributions to employees, all with interest and penalties, to the detriment of Plaintiffs and those similarly situated. 26 U.S.C. § 641, *et seq.,* and § 501(a) .

48) Also, disqualification imposes an obligation under the Federal Unemployment Tax Act

1  and the Federal Insurance Contributions Act for these respective taxes on contributions made to
2  disqualified plans, to the detriment of Plaintiffs and those similarly situated.

3  49) Additionally, ERISA sets forth various penalties that may be imposed for failure to
4  comply with ERISA, ranging from restoration of losses, to excises taxes and penalties that can
5  well exceed the amount involved, to imprisonment.

6  50) Defendants have acted, or refused to act, on grounds generally applicable to the class.
7  Final injunctive relief or corresponding declaratory relief is appropriate with respect to the class
8  as a whole.

9  51) The questions of fact and law that are common to the members of the class predominate
10 over any questions affecting any individual members of the class. A class action is superior to
11 other available methods for the fair and efficient adjudication of this controversy.

12 52) This action may properly be maintained under F. R. Civ. P. 23(b) (2) and F. R. Civ. P.
13 23(b) (3).

### FIRST CAUSE OF ACTION--ERISA VIOLATION
### ERISA BENEFIT CLAIM § 502 of ERISA, 29 U.S.C. § 1132(a)(1)(B)
### CLASS ALLEGATION

16 53) The allegations set forth in the above and below paragraphs are re-alleged and
17 incorporated herein by reference.

18 54) Defendants have purposely interfered with the Plaintiffs rights pursuant to the terms of
19 the Plan, mis-drafting and mismanaging the Plan so as to jeopardize its tax exempt status.

20 55) This has caused Plaintiffs to lose substantial retirement benefits, medical and life
21 insurance benefits, wages.

22 56) This has also caused Plaintiffs to suffer general damages, and incur attorneys' fees and
23 costs in pursuit of their benefits.

24 57) WHEREFORE, Plaintiffs requests relief as hereinafter provided.

25 /
26 /
27 /
28

## SECOND CLASS CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY IN VIOLATION OF § 404(a) of ERISA, 29 U.S.C. § 1104(a)
## CLASS ALLEGATION

58). The allegations set forth in the above and below paragraphs are re-alleged and incorporated herein by reference.

59) Defendants' fiduciary duty to Plaintiffs required defendants to communicate fully and truthfully to the plaintiffs about their rights under the Plan.

60) Defendants deliberately misled Plaintiffs about the terms and conditions of the Service Pension.

61) Defendants did so for the personal gain of EACHTEL and his wife, who was a managing agent for Defendant ALLIED.

62) Defendants conduct in mismanaging the Plan has jeopardized its tax exempt status.

63) Defendants breached their fiduciary duty to Plaintiffs, in violation of § 404(a) of ERISA, *29 U.S.C. § 1104(a)*.

64) Defendants conduct has caused damages to Plaintiffs.

65) As a result of defendants' breach of their fiduciary duty to the plaintiffs, defendants treated the reduction of the employees' plan benefits as additional income in its reports to its shareholders.

66) Defendants are not entitled to benefit from their flagrant breach of fiduciary duty.

67) This has caused Plaintiffs to lose substantial retirement benefits, medical and life insurance benefits, wages.

68) This has also caused Plaintiffs to suffer general damages, and incur attorneys' fees and costs in pursuit of their benefits.

69) WHEREFORE, Plaintiffs requests relief as hereinafter provided.

/

/

/

BRICTSON & COHN
ATTORNEYS AT LAW
SAN DIEGO

THIRD CAUSE OF ACTION--ERISA VIOLATION

ERISA BENEFIT CLAIM § 502 of ERISA, 29 U.S.C. § 1132(a)(1)(B)
YIP AND QUINTERO ALLEGATION

70) The allegations set forth in the above and below paragraphs are re-alleged and incorporated herein by reference.

71) Defendants have purposely interfered with the Plaintiffs Mr. Yip and Ms. Quintero's right to the Service Pension pursuant to the actual terms of the Plan and consistent with Defendants' past practices.

72) This has caused Plaintiffs to lose substantial retirement benefits, medical and life insurance benefits, wages.

73) This has also caused Plaintiffs to suffer general damages, and incur attorneys' fees and costs in pursuit of their benefits.

74) WHEREFORE, Plaintiffs requests relief as hereinafter provided.

FOURTH CAUSE OF ACTION
BREACH OF FIDUCIARY DUTY IN VIOLATION OF § 404(a) of ERISA, 29 U.S.C. § 1104(a)
YIP AND QUINTERO ALLEGATION

75). The allegations set forth in the above and below paragraphs are re-alleged and incorporated herein by reference.

76) Defendants' fiduciary duty to Plaintiffs required defendants to communicate fully and truthfully to the plaintiffs about their rights under the Plan.

77) Defendants deliberately misled Plaintiffs about the terms and conditions of the Service Pension.

78) Defendants did so for the personal gain of EACHTEL and his wife, who was a managing agent for Defendant ALLIED.

79) Defendants deliberately denied Plaintiffs a Service Pension knowing their denial was inconsistent with their past practice and the terms of the Plan with the specific intent to harm Plaintiff Yip personally in retaliation for other matters, and with reckless disregard to the welfare of Plaintiff Quintero.

80) Defendants breached their fiduciary duty to the plaintiffs, in violation of § 404(a) of

ERISA, *29 U.S.C. § 1104(a)*.

81) Defendants conduct has caused damages to Plaintiffs.

82) As a result of defendants' breach of their fiduciary duty to the plaintiffs, defendants treated the reduction of the employees' plan benefits as additional income in its reports to its shareholders.

83) Defendants are not entitled to benefit from their flagrant breach of fiduciary duty.

84) This has caused Plaintiffs to lose substantial retirement benefits, medical and life insurance benefits, wages.

85) This has also caused Plaintiffs to suffer general damages, and incur attorneys' fees and costs in pursuit of their benefits.

86) WHEREFORE, Plaintiffs requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
## BREACH OF CONTRACT
## YIP AND QUINTERO ALLEGATION

87) The allegations set forth in the above and below paragraphs are re-alleged and incorporated herein by reference.

88) By and through its practices, writings, and oral assurance on which Mr. Yip and Ms. Quintero relied and for which Mr. Yip and Ms. Quintero gave adequate consideration by continuing to work, Defendants created a contract with Mr. Yip and Ms. Quintero.

89) In refusing to provide Mr. Yip and Ms. Quintero their Service Pensions Defendants breached their contract with Mr. Yip and Ms. Quintero causing Mr. Yip and Ms. Quintero to suffer lost wages, lost insurance, lost retirement benefits, and other fringe benefits, and consequential damages.

90) This has also caused Plaintiffs Mr. Yip and Ms. Quintero to suffer general damages, and incur attorneys' fees and costs in pursuit of their benefits.

91) WHEREFORE, Plaintiffs requests relief as hereinafter provided.

/

/

## SIXTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
## YIP AND QUINTERO ALLEGATION

92) The allegations set forth in the above and below paragraphs are re-alleged and incorporated herein by reference.

93) Defendant's continuing representations to Plaintiffs regarding the Plan and the Service Pension were false and Defendants knew or should have known were false.

94) As a result of Defendant's negligent misrepresentations, Plaintiffs have suffered lost wages, lost health insurance, life insurance, retirement, and other fringe benefits, consequential damages, and mental and emotional pain and suffering.

95) WHEREFORE, Plaintiff requests relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## YIP AND QUINTERO ALLEGATION

96) The allegations set forth in the above and below paragraphs are re-alleged and incorporated herein by reference.

97) Defendants, acting on their own and through agents and employees, engaged in the acts heretofore described deliberately and intentionally in order to cause Plaintiffs severe emotional distress, alternatively, Plaintiffs alleges that such conduct was done in reckless disregard of the probability of said conduct causing Plaintiff severe emotional distress.

**98)** The foregoing conduct did, in fact, cause Plaintiff to suffer extreme and severe emotional distress. As a proximate result of said conduct, Plaintiff suffered embarrassment, anxiety, humiliation, and emotional distress, and will continue to suffer said emotional distress in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at the time of trial.

99) Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken towards Plaintiff were carried out by managerial employees, at the direction of Defendants who

instructed, authorized, sanctioned, and/or ratified the wrongful conduct, acting in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiffs, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof.

100) WHEREFORE, Plaintiffs requests relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### YIP AND QUINTERO ALLEGATION

101) Plaintiff hereby incorporates by reference all of the preceding and subsequent paragraphs of this Complaint as if fully set forth herein

102) Defendant, acting on its own and through agents and employees, engaged in acts heretofore described negligently in light of the foreseeable emotional shock to Plaintiff,

**103)** The foregoing conduct did, in fact, cause Plaintiff to suffer extreme and severe emotional distress. As a proximate result of said conduct, Plaintiff suffered embarrassment, anxiety, humiliation, and emotional distress and will continue to suffer said emotional distress in an amount in excess of the minimum jurisdiction of this Court, the precise amount which will be proven at the time of trial.

104) WHEREFORE, Plaintiff requests relief as hereinafter provided.

**PRAYER**

105) Plaintiff requests that this Court exercise jurisdiction over these claims and award:

    a. Certification of the Class of all plan participants of the SAN DIEGO UNITEHERE PENSION FUND as to the First and Second Causes of Action.

    b. Full legal and equitable relief under ERISA, restitution of Plaintiffs' lost employee benefits, prejudgment interest, etc, as to the First, Second, Third, and Fourth Causes of Action.

c. For injunctive relief under ERISA to take such action so as to restore the Plan's tax exempt status, as to the First, Second, Third, and Fourth Causes of Action.

d. Compensatory damages, including general and special damages as to all Causes of Action.

e. Attorney's fees and costs as to all Causes of Action.

f. For an award of punitive damages as to the Second, Fourth, and Seventh Causes of Action; and

g. All other relief as law and equity allow.

DATED:   August 8, 2008        BY _____
Timothy L. Brictson, Esq.
LAW OFFICE OF
BRICTSON & COHN
Attorneys for Plaintiffs,
CHARLES YIP and
SILVIA QUINTERO
And others similarly situated.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Charles Yip & Silvia Quintero

### DEFENDANTS
Board of Trustees of the San Diego Unite Here Pension Fund, Allied Administrators, Jeff Fachtel

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number):
Timothy Bartsun, Bartsun&Cohn, 2214 5th Ave, San Diego, CA 92101

Attorneys (If Known):

FILED 2008 AUG 8 PM 4:20
CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1453 DMS WMc  VNTK  DEPUTY

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment / **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  |  | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 1001

Brief description of cause: Erisa Pension Case

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ over 75K
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE: _____  DOCKET NUMBER: _____

DATE: 8-8-08
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # 153855  AMOUNT $350  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____
JAC 8/8/08

/

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

\# 153855    - TC

August 08, 2008
16:22:18

Civ Fil Non-Pris
USAO #.: 08CV1453
Judge..: DANA M SABRAW
Amount.:                    $350.00 CK
Check#.: PC3516

Total-> $350.00

FROM: CHARLES YIP &  SILVIA QUINTERO
      VS
      UNITETTERE PENSION FUND