# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES YIP; SILVIA QUINTERO; AGUSTIN SOTO; ANA IBARRA; GILBERTO GALLARDO; JOSE SANCHEZ; MARCO IBARRA; NANCY BROWNING; RICARDO QUINTERO; VALENTE GODINA; and the class they seek to represent,<br><br>Plaintiffs,<br>vs.<br><br>BOARD OF TRUSTEES OF THE SAN DIEGO UNITEHERE PENSION FUND; ALLIED ADMINISTRATORS; JEFF EACHTEL; and DOES 1 TO 50,<br><br>Defendants. | CASE NO. 08CV1453-MMA (WMC)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 72] |

Pending before the Court is a motion for reconsideration brought by Plaintiffs Agustin Soto, Ana Ibarra, Gilberto Gallarado, Jose Sanchez, Marco Ibarra, and Valente Godina. (Doc. No. 72.) Plaintiffs seek reconsideration of the Court's April 23, 2010 Order granting in part and denying in part Defendants Board of Trustees of the San Diego Unitehere Pension Fund and Jeff Eachtel's motion to dismiss. (Doc. No. 68.) Plaintiffs assert that the Court erred as a matter of law when it dismissed those Plaintiffs with prejudice for failure to exhaust their administrative remedies. (*Id.* at 3:1–4.) Plaintiffs contend that allowing the decision to stand would be manifestly unjust. (*Id.*) Defendants oppose the motion on grounds that Plaintiffs present no argument that could not have been presented in their opposition to Defendants' motion to dismiss. (*Defs.' Opp.* [Doc. No. 79] at 5:17–6:19.)

## LEGAL STANDARD

"A postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

## ANALYSIS

In Defendants' motion to dismiss, Defendants argued that the claims asserted by Plaintiffs Godina, Soto, Ibarra, Gallardo, Sanchez, and Ibarra must be dismissed because those Plaintiffs failed to exhaust their administrative remedies. Anticipating Plaintiffs' futility argument, Defendants contended that "Plaintiffs' own allegations refute the claim of futility -- Plaintiffs allege that through pursuit of their benefits under the Plans' administrative procedures, Plaintiffs Charles Yip and Silvia Quintero ultimately obtained Service Pension benefits." (*Defs.' Mot. to Dismiss* at 7:20–24.) Defendants conceded that Plaintiffs Nancy Browning and Ricardo Quintero had exhausted their administrative remedies. (*Id.* at 4:24–25.) Plaintiffs did not directly address this point, except to argue that "Defendants have established by their conduct that they will not be changing their position on that issue absent an order of the court, and they have shown they will continue to fight the participant's entitlement." (*Pl.'s Opp.* at 15:24–27 (citing *SAC* at ¶¶ 52–55).) The paragraphs cited by Plaintiffs refer only to Yip and Silvia Quintero's efforts to obtain their benefits and make no reference to Ricardo Quintero or Nancy Browning. In their reply, Defendants expanded on the argument they first advanced in the motion to dismiss, arguing "If exhaustion of administrative remedies resulted in an award of benefits to Plaintiffs Charles Yip and Silvia Quintero, it cannot be the case that all other Plaintiffs will automatically be denied benefits." (*Reply* at 2:14–16.)

Based on the arguments of the parties, the Court ruled in favor of Defendants. Specifically, the Court found that Plaintiffs had not adequately demonstrated that exhaustion of their administrative

1 remedies would have been futile. The Court also noted that Plaintiff's futility argument was
2 particularly lacking in light of the fact that Yip and Silvia Quintero had ultimately obtained their
3 benefits by exhausting their administrative remedies. (*Order* at 7:2–16.) Plaintiffs now urge that the
4 Court's decision was clear error. Plaintiffs contend that the Court should not have relied on the fact
5 that Yip and Silvia Quintero were successful at their arbitration in finding that Plaintiffs had not
6 established futility. (*Mot. for Recons.* at 8:9–10:9.) Specifically, Plaintiffs assert that arbitration was
7 not part of the administrative review process and they attach the pension plan agreement in support
8 of their position. (*Id.* at 10:12–12:19.)

9 As an initial matter, Plaintiffs have not explained why their argument could not have been
10 raised in their opposition to Defendants' motion when Defendants clearly relied on Yip and Silvia
11 Quintero's successful arbitrations as evidence that exhaustion would not have been futile. Plaintiffs'
12 motion for reconsideration presents nothing more than a new argument that Plaintiffs could have
13 raised earlier. The law is clear, that "a motion for reconsideration may not be used to raise arguments
14 or present arguments for the first time when they could reasonably have been raised earlier in the
15 litigation." *RPA Int'l*, 2010 U.S. Dist. LEXIS at *17 (quoting *Kona Enters., Inc. v. Estate of Bishop*,
16 229 F.3d 877, 890 (9th Cir. 2000)). In their motion for reconsideration, Plaintiffs have not explained
17 why this is not an argument that could have been raised before.

18 Secondly, the Court's ruling was based on the fact that Plaintiffs failed to establish that
19 pursuing their administrative remedies was "demonstrably doomed to fail." *See Turnipseed v.*
20 *Education Management LLC's Employee Disability Plan*, 2010 WL 140384 (N.D. Cal. Jan. 13, 2010)
21 (citing *Diaz v. United Agric. Employee Welfare Ben. Plan & Trust*, 50 F.3d 1478, 1486 (9th Cir.
22 1995)). In their opposition, Plaintiffs offered little support for their assertion that exhaustion was
23 futile. A claim of futility cannot be based upon speculation or bare assertions. *Id.* Based on the fact
24 that Plaintiffs had done little to meet their burden of demonstrating futility, the Court refused to excuse
25 Plaintiffs from exhausting their administrative remedies. The Court then noted that it was particularly
26 difficult to find futility in light of the evidence of Yip and Silvia Quintero's successes at arbitration.
27 Despite the fact that Defendants were clearly relying on the successful arbitrations as evidence in
28 support of their argument against futility, Plaintiffs nevertheless failed to argue that arbitration was

not part of the plan's administrative remedies or that the provision for arbitration was invalid due to its binding nature.[1]

As the Court noted in its Order, it was Plaintiffs' burden to demonstrate futility. To meet this burden, Plaintiffs were obligated to demonstrate to the Court that the plan administrator would not have fairly considered their claims had they sought to exhaust their administrative remedies. *Moyle v. Golden Eagle Insurance Corp.*, 239 Fed. Appx. 362, 2007 WL 2436881 (9th Cir. 2007) (citing *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 984-85 (9th Cir. 2001)). A claim of futility cannot be based upon speculation or bare assertions. *Turnipseed v. Education Management LLC's Employee Disability Plan*, 2010 WL 140384 (N.D. Cal. Jan. 13, 2010) (citing *Diaz v. United Agric. Employee Welfare Ben. Plan & Trust*, 50 F.3d 1478, 1486 (9th Cir. 1995)). Plaintiffs failed to meet their burden and that was the basis for the Court's decision.

While the Court appreciates that the Court's Order places Plaintiffs in an unfortunate position, the Court cannot revisit issues based on new arguments that could have been raised earlier without any explanation from those who now assert them. As the Ninth Circuit has pointed out, "[Rule 59(e)] offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., supra*, 229 F.3d at 890. Because Plaintiffs have failed to demonstrate grounds for reconsideration under Rule 59(e), the Court **DENIES** Plaintiffs' motion for reconsideration.

**IT IS SO ORDERED**.

DATED: July 15, 2010

Hon. Michael M. Anello
United States District Judge

---

[1] Plaintiffs now assert that both Browning and Ricardo Quintero did not seek arbitration which they argue proves that arbitration was not required to exhaust the administrative remedies. Plaintiffs' SAC, however, did not make the distinction and neither party put such facts before the Court in the briefs on Defendants' motion to dismiss.